United States District Court
Middle District of Florida
Jacksonville Division

**ERIC WENDELL HOLLOMAN,**

  *Plaintiff,*

V.               NO. 3:13-CV-1139-J-99TJC-PDB

**JACKSONVILLE TRANSPORTATION AUTHORITY
AND ALLIED ADJUSTERS INSURANCE, INC.,**

  *Defendants.*

---

## Report & Recommendation

  Eric Holloman, proceeding pro se, has sued the Jacksonville Transportation Authority ("JTA") and its insurer, Allied Adjusters Insurance, Inc. ("Allied"), alleging that he sustained whiplash while riding on a JTA bus that jumped a curb. Docs. 1, 9. Concluding that Mr. Holloman has not stated a federal claim despite chances to do so, I recommend dismissal without prejudice for lack of subject-matter jurisdiction.[1]

### Background

  Concerned that Mr. Holloman's original complaint was incoherent and did not sufficiently allege a federal claim (it appeared to claim employment discrimination but did not allege—nor did it appear—that either defendant employed Mr. Holloman, Doc. 1), United States Magistrate Judge Thomas Morris ordered Mr. Holloman to file

---

[1]Mr. Holloman may file and serve specific written objections to this report and recommendation within 14 days of service. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 6.02(a). His failure to do so may alter the scope of direct and appellate review. *See* Fed. R. Civ. P. 72(b)(3); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

an amended complaint that briefly and plainly stated a claim over which the Court would have subject-matter jurisdiction. Doc. 4. Judge Morris gave him that opportunity while recognizing that the Court had previously dismissed another case that Mr. Holloman had filed against the same defendants apparently based on the same alleged whiplash incident because of, among other things, lack of subject-matter jurisdiction. Doc. 4 at 3–4; *see Holloman v. Jacksonville Transp. Auth., etc.*, No. 3:12-cv-1327-J-25JBT.

After prompting by a show-cause order, Doc. 6, Mr. Holloman belatedly filed an amended complaint, Doc. 9, along with a notice of his ailments, including arthritis and diabetes, Doc. 7, and a motion to appoint counsel to help him, Doc. 8. In his amended complaint, he recounts the alleged whiplash incident and then describes its alleged aftermath: JTA deleted a video of it, JTA and Allied refused to give him copies of post-incident statements, a lawyer stopped representing him because the video was not bad enough (thereby committing malpractice), Allied's lawyer told him that Allied was not going to give him anything (thereby intimidating him), and JTA's lawyer and Allied's lawyer refused to settle (thereby dealing with him illegally). Doc. 9 at 2−4.

Mr. Holloman asks for $100,000 but does not allege anyone's citizenship. *Id.* at 1−7. Instead, he alleges that the JTA receives federal funds and, as jurisdictional bases, lists the Fourteenth Amendment and several federal statutes: 42 U.S.C. § 2000d (prohibiting programs that receive federal financial assistance from discriminating based on race, color, or national origin); 42 U.S.C. § 2000d-1 (granting agencies authority to implement rules to effectuate section 2000d); 42 U.S.C. § 1981 (establishing equal rights to make and enforce contracts and file suit); 42 U.S.C.

2

§ 1983 (prohibiting state actors from depriving persons of federal rights); 42 U.S.C. § 1985 (prohibiting state actors from conspiring to interfere with civil rights); 42 U.S.C. § 1986 (making complicit persons liable for section 1985 violations); 28 U.S.C. § 1331 (providing district courts with jurisdiction over cases under federal law); 28 U.S.C. § 1343 (providing district courts with jurisdiction over cases under federal civil rights laws); 28 U.S.C. § 2201 (providing federal courts with declaratory-judgment authority); 29 U.S.C. § 794 (prohibiting programs that receive federal financial assistance from discriminating based on disabilities); and 42 U.S.C. §§ 6101−07 (prohibiting programs that receive federal financial assistance from discriminating based on age). *Id.* at 7. The primary differences between Mr. Holloman's original and amended complaints are the amended complaint's addition of those asserted jurisdictional bases and omission of employment-discrimination claims. *Compare* Doc. 1 *with* Doc. 9.

## Analysis

Federal courts have an independent obligation to determine if subject-matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In determining jurisdiction, a court must presume that it lacks it, and the party asserting it has the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In the absence of jurisdiction, the court must dismiss the case in its entirety. *Arbaugh*, 546 U.S. at 514. The dismissal should be without prejudice. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

The basic grants of subject-matter jurisdiction are in 28 U.S.C. §§ 1331 (federal-question jurisdiction) and 1332 (diversity jurisdiction). *Arbaugh*, 546 U.S. at

513. A plaintiff properly invokes federal-question jurisdiction if he "pleads a colorable claim arising under the Constitution or laws of the United States." *Id.* (internal quotation marks omitted). A plaintiff properly invokes diversity jurisdiction if he presents a claim between parties of diverse citizenship that exceeds $75,000. *Id.*

Under *Bell v. Hood,* a court may dismiss for lack of subject-matter jurisdiction a claim invoking federal law if the claim (1) "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "is wholly insubstantial and frivolous." 327 U.S. 678, 682–83 (1946). A claim is wholly insubstantial and frivolous if it has no plausible foundation or Supreme Court precedent forecloses it. *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998).

Here, Mr. Holloman has not attempted to invoke diversity jurisdiction; he neither alleges anyone's citizenship nor cites section 1332. *See generally* Doc. 9. Instead, he attempts to invoke federal-question jurisdiction by citing numerous federal statutes, most of which prohibit programs that receive federal financial assistance from engaging in unlawful discrimination. Doc. 9 at 7. But none of those statutes pertain to his factual allegations, in which he merely describes personal injury from errant bus driving and failed settlement attempts. Those factual allegations neither describe nor suggest discrimination on any basis, much less an unlawful one. Thus, even applying a less stringent standard in light of Mr. Holloman's pro-se status, his federal claims clearly appear to be immaterial, made solely to obtain jurisdiction, and without any plausible foundation. Under *Bell*, dismissal without prejudice for lack of subject-matter jurisdiction therefore is warranted.

I recommend dismissal over leave to amend because the Court has already given Mr. Holloman two previous chances to allege colorable federal claims arising from the alleged whiplash incident and its aftermath, once in this case and once in a previous case. *See Holloman v. Jacksonville Transp. Auth., etc.*, No. 3:12-cv-1327-J-25JBT (Doc. 5). Although he is not a novice litigator,[2] he has failed to so.

---

[2]*See Holloman v. St. Johns Apts.*, No. 3:89-cv-648; *Holloman v. Columbia School of Broadcasting*, No. 3:90-cv-270; *Holloman v. St. Johns Apts.*, No. 3:90-cv-329; *Holloman v. Tarkenton et al.*, No. 3:90-cv-484; *Holloman v. Ambassador Hotel et al.*, No. 3:90-cv-822; *Holloman v. Duke Properties, Inc., et al.*, No. 3:91-cv-704; *Holloman v. Jacksonville Transp. Auth. et al.*, No. 3:93-cv-1414; *Holloman v. Fla. Comm. College et al.*, No. 3:95-cv-95; *Holloman v. Liberty Center et al.*, No. 3:95-cv-833; *Holloman v. The Hospitality Inn*, No. 3:96-cv-175; *Holloman v. Winn-Dixie Supermarket*, No. 3:96-cv-810; *Holloman v. James Hotel*, No. 3:97-cv-1058; *Holloman v. Jacksonville Housing Auth. et al.*, No. 3:98-cv-209; *Holloman v. Duke Properties, Inc., et al.*, No. 3:98-cv-944; *Holloman v. University Medical Ctr.*, No. 3:99-cv-190; *Holloman v. Duval County Sch. Bd. Sec. Guard Servs.*, No. 3:99-cv-536; *Holloman v. Jacksonville Housing Auth.*, No. 3:99-cv-567; *Holloman v. Winn-Dixie*, No. 3:99-cv-635; *Holloman v. United States Navy et al.*, No. 3:99-cv-1128; *Holloman v. Pioneer Credit Recovery, Inc.*, No. 3:00-cv-790; *Holloman v. Jacksonville Transp. Auth.*, No. 3:00-cv-825; *Holloman v. Rietzler*, No. 3:01-cv-373; *Holloman v. City of Jacksonville et al.*, No. 3:01-cv-806; *Holloman v. Jacksonville Housing Auth.*, No. 3:03-cv-914; *Holloman v. Jacksonville Housing Auth.*, No. 3:04-cv-571; *Holloman v. Captain D's Restaurant*, No. 3:07-cv-1206; *Holloman v. I.M. Sulzbacher Dental Center et al.*, No. 3:08-cv-309; *Holloman v. Jacksonville Housing Auth.*, No. 3:08-cv-485; *Holloman v. Jacksonville Transp. Auth.*, No. 3:08-cv-627; *Holloman v. Shell Gas Station*, No. 3:08-cv-1214; *Holloman v. Greyhound Bus Lines*, No. 3:08-cv-1215; *Holloman v. Walgreen Co.*, No. 3:08-cv-1227; *Holloman v. Winn Dixie*, 3:08-cv-1228; *Holloman v. Jacksonville Sheriff's Office*, No. 3:08-cv-1229; *Holloman v. Office of the Sheriff*, No. 3:09-cv-233; *Holloman v. Jacksonville Transp. Auth.*, No. 3:09-cv-1181; *Holloman v. Cathedral Towers*, No. 3:10-cv-681; *Holloman v. The Law Office of Nooney & Roberts et al.*, No. 3:11-cv-46; *Holloman v. The Jacksonville Townhouse Apts.*, No. 3:11-cv-151; *Holloman v. Jacksonville Transp. Auth. et al.*, No. 3:12-cv-1327; *Holloman v. Schare*, No. 3:13-cv-363; *Holloman v. Jacksonville Transp. Auth.*, No. 3:13-cv-364; *Holloman v. Burger King Restaurant*, No. 3:13-cv-1138; *Holloman v. McDonald's Restaurant*, 3:13-cv-1577.

## Recommendation

Thus, having concluded that the Court lacks subject-matter jurisdiction over Mr. Holloman's claims, I recommend that the Court

1. **dismiss** without prejudice Mr. Holloman's amended complaint, Doc. 9; and

2. **direct** the clerk to terminate Mr. Holloman's pending motions to proceed in forma pauperis, Doc. 2, and to appoint counsel, Doc. 8, in light of the Court's lack of subject-matter jurisdiction to decide them.

Done and entered in Jacksonville, Florida, on December 30, 2013.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Eric Wendell Holloman
    P.O. Box 13153
    Jacksonville, FL 32206